### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE SILICONE KITCHEN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| AMZ WATCHDOG LLC, | ) |
| | ) |
| WATCHDOG PRODUCTS LLC, and | ) |
| CHRIS KEEF | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff, The Silicone Kitchen, LLC ("Silicone Kitchen"), by counsel, hereby files this Complaint against AMZ Watchdog LLC, Watchdog Products, and Chris Keef (collectively, "Defendants") for their intentional communication of a false, bad-faith claim of patent infringement to Amazon.com.

### PARTIES, JURISDICTION, AND VENUE

1. Silicone Kitchen is a limited liability company existing under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina.

2. Rachel Breuhaus is the sole member and owner of The Silicone Kitchen LLC.

3. Rachel Breuhaus permanently resides in North Carolina, and therefore she is a citizen of North Carolina.

4. Defendant, AMZ Watchdog, LLC ("AMZ Watchdog") is a limited liability company formed under the laws of the State of Wyoming with its principal place of business at 1876 Horse Creek Rd., Cheyenne, Wyoming, 82009. On information and belief, Defendant Chris Keef is the sole founder and member of AMZ Watchdog, and he manages its day-to-day operations.

5. Defendant, Watchdog Products, LLC ("Watchdog Products") is a limited liability company formed under the laws of the State of New Hampshire with its principal place of business at 13 Stack Dr., Bow, NH, 03304.

6. On information and belief, Defendant Chris Keef is the sole founder and member of Watchdog Products.

7. On information and belief, Defendant Chris Keef permanently resides at 13 Stack Dr., Bow, New Hampshire 03304, and therefore he is a citizen of New Hampshire.

8. The Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over AMZ Watchdog because according to its filings with the Wyoming Secretary of State, its principal office address is in Cheyenne, Wyoming.

10. At all times relevant to this suit, AMZ Watchdog has, on information and belief, acted as an agent of Watchdog Products for the specific wrongful acts described in this Complaint, and therefore Watchdog Products has sufficient minimum contacts with and has otherwise purposefully availed itself of this forum. Additionally, AMZ Watchdog therefore purposefully availed itself of the privilege of conducting activities in Wyoming. AMZ Watchdog's harmful conduct was also directed at Wyoming in that its purpose was to harm Ms. Breuhaus. Accordingly, this Court has personal jurisdiction over these defendants.

11. This Court has personal jurisdiction over Chris Keef because, on information and belief, he maintains, controls, and operates AMZ Watchdog, and he directed and personally engaged in the wrongful conduct described in this Complaint, and therefore he has sufficient minimum contacts with and has otherwise purposefully availed himself of this forum.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in this judicial district, and because the Defendants are subject to personal jurisdiction within this judicial district.

**FACTS**

13. In 2019, Rachel Breuhaus founded Silicone Kitchen—a women-owned small business—as a limited liability company focused on selling kitchen accessories, tools, and appliances made substantially or completely out of silicone.

14. As a part of their inventory available for purchase online, Silicone Kitchen sells "The Silicon Kitchen Clip on Silicone Strainer" (the "Silicone Kitchen Strainer"). This strainer can be clipped to the edges of a pot to drain water from foods such as pasta, vegetables, and fruit. Several photographs depicting this product are attached as Exhibit P1 (subparts (a)-(d)).

15. Silicone Kitchen sells this product on its website and on Amazon.com, and it is identified by Amazon Standard Identification Number ("ASIN") B0C46W11W2. Screenshots of the Amazon listing for this product are attached as Exhibit P2.

16. Amazon.com lists for sale many strainers of this kind (i.e., ones that attach to the top of a pot).

17. The Silicone Kitchen Strainer became a popular choice among consumers, and as a consequence, this eventually caused it to display as one of the first products of this kind when a consumer entered an appropriate search.

18. On information and belief, Defendant Chris Keef directs all business activities of Watchdog Products, which purchases various products at wholesale that are made by other companies and in turn lists them on Amazon.com for purchase.

19.     Included in the various items listed for purchase, Defendant Watchdog Products sold at all times relevant to this suit a pasta strainer on Amazon.com called "Chef's Planet Clip & Drain" (the "Chef's Planet Strainer"), which also clips on to a pot for the purpose of straining pasta, fruit, or vegetables, and therefore it directly competes with the Silicone Kitchen Strainer on the Amazon marketplace. A photograph depicting this product is attached as Exhibit P3.

20.     None of Defendants make the Chef's Planet Strainer, which was designed and developed, and is manufactured by, Chef's Planet, a trade name for Tonoga, Inc., a New York corporation.

21.     On information and belief, Defendant Chris Keef also directs all business activities of AMZ Watchdog, which acts as a self-styled intellectual property enforcement agent, even though it is not a law firm.

22.     Defendant AMZ Watchdog advertises itself as comprised of 8-figure Amazon sellers that assist clients in "navigat[ing] the treacherous waters of online sales." As part of this pitch, AMZ Watchdog offers to remove competing listings in "just 30-days or less" as well as a guaranteed removal of "95% plus of infringing listings," even though AMZ Watchdog does not have specialized expertise sufficient to determine whether a product infringes an intellectual property rights belonging to their client, nor is it licensed to advise or represent others on matters of intellectual property law, including patent law. Screenshots of Defendant's website are attached as Exhibit P4 (subparts (a) and (b)).

23.     Even so, AMZ Watchdog claims to be an expert in removing "design and utility patent infringers on Amazon and other third-party platforms" even in the case where lawyers are unable to remove such supposedly "infringing" listings. In other words, AMZ Watchdog, with a nod and a wink, suggests to its clients that it can press meritless takedown notices with AMZ

Watchdog alleging patent infringement where none exists.

24. As a part of AMZ Watchdog's business model, it sends out "cease-and-desist letters to those responsible for infringing upon [their] client's IP rights as well as report[s] them directly to Amazon so they can take appropriate action against these infringers/counterfeiters themselves. It bears repeating that it does this even though it is not a law firm and has no authority to advise on or represent others in intellectual property disputes.

25. On information and belief, Defendant Chris Keef directed all business activities of AMZ Watchdog at all times relevant to this suit, and he likewise has no expertise in evaluating whether intellectual property infringement has occurred and has no licensure as an attorney sufficient to evaluate such claims.

26. On information and belief, AMZ Watchdog, at all times relevant to this suit, acted as an agent of Watchdog Products to send to Amazon takedown notices for alleged IP infringement, including patent infringement.

27. In March 2024, Defendants submitted a written takedown notice to Amazon.com, alleging that The Silicone Kitchen Strainer infringed a specific patent, namely, patent number US 10,307,008 B2 (the "'008 Patent"). A copy of the '008 Patent is attached as Exhibit P5.

28. The '008 Patent is owned by Tonoga, Ltd., which does business under the brand name "Chef's Planet" and is the manufacturer of the Chef's Planet Strainer.

29. Amazon responded to this takedown notice by removing the Silicone Kitchen Strainer from Amazon.com and sending to The Silicone Kitchen a 'Takedown Notice,' asserting that the Silicone Kitchen Strainer infringed upon Defendants' patent. Attached as Exhibit P6 is a true and accurate copy of the notice that Amazon gave to Silicone Kitchen.

30. The Silicone Kitchen subsequently hired undersigned counsel to evaluate whether

the Silicone Kitchen Strainer infringed the '008 Patent.

31. Undersigned counsel concluded that the Silicone Kitchen Strainer did not infringe the '008 Patent. As explained in that letter, the allegation of infringement is "not a close call" and was a "frivolous patent infringement claim." Attached as Exhibit P7 is a true and accurate copy of the opinion letter.

32. Given the frivolous nature of the patent infringement demand that AMZ Watchdog sent to Amazon, The Silicone Kitchen, through undersigned counsel, sent a demand letter to AMZ Watchdog and Tonoga, Ltd., seeking an immediate retraction with Amazon and damages, believing that Tonoga had hired AMZ Watchdog to remove competing strainers from the Amazon marketplace on its behalf. Attached as Exhibit P8 is a true and accurate copy of the demand letter sent to AMZ Watchdog and Tonoga, Ltd., which included a copy of the previously referenced opinion letter.

33. On May 21, 2024, Tonoga, through counsel responded to the demand letter. It asserted that AMZ Watchdog was neither authorized nor directed by them to make such demands. Tonoga also noted that it was unaware that such a demand was ever made. Finally, and most significantly, Tonoga agreed that the Silicone Kitchen Strainer did not infringe the '008 Patent belonging to Tonoga. Attached as Exhibit P9 is a true and accurate copy of the letter Tonoga sent.

34. Defendants have completely ignored the demand letter sent on May 16, 2024.

35. This is not the first time Defendants have been sued in this District for bad-faith claims of patent infringement. In *BigNJ Inc v. Vacu Vin Innovations Ltd et al.*, Case No. 2:23-cv-00128, the plaintiff also sued AMZ Watchdog for failing to evaluate in good-faith the invalidity of patents that it similarly used to wrongfully and in bad-faith remove a competing listing from Amazon. Given this prior lawsuit, AMZ Watchdog knew or should have known that it has a legal

duty to evaluate patent infringement claims in good-faith before it asserts them to Amazon. Yet, AMZ Watchdog has continued this conduct in clear violation of the law.

36. Given Defendants' business model, which seeks to remove competing listings for alleged patent infringement without regard to the veracity of the allegation, on information and belief, Defendants scoured Amazon.com for products in competition with the Chefs Planet Strainer that they had listed on Amazon and similar sent take down notices to Amazon for such products.

37. Defendants acted intentionally, knowingly, willfully, maliciously, and in bad faith, given the preceding facts and, ultimately, since it knew or should have known that its takedown of the Silicone Kitchen Strainer was frivolous and because it was done to avoid ordinary free market competition.

38. Thanks to Tonoga's letter, The Silicone Kitchen was able to restore its listing, but the damage has been done. Previously, The Silicone Kitchen appeared at the top of search listings, but now it shows at the bottom of a very competitive market. Moreover, these frivolous allegations, communicated to Amazon, have harmed The Silicone Kitchen's reputation with Amazon. Thus, because of the Defendants' actions, Plaintiff's business was significantly damaged by lost sales, harm to its reputation on Amazon, and in other ways.

## COUNT I
## BAD FAITH ASSERTION OF PATENT INFRINGEMENT

39. The preceding paragraphs are incorporated and re-alleged by reference.

40. Defendants' take down notice sent to Amazon.com alleging that the Silicone Kitchen Strainer infringed the '008 Patent was a bad-faith assertion of patent infringement in violation of Wyo. Stat. Ann. § 40-1-202, because, among other reasons: (a) Defendants were not lawyers legally authorized to evaluate and assert patent infringement claims, (b) the allegation itself fell short on several necessary elements within the patent's claims to at least arguably qualify

as patent infringement, (c) Defendants' business model is intentionally designed to press frivolous claims in the hopes that no one fights back, (d) Defendants' asserted patent rights in a patent they did not even own, on behalf of a principal they did not represent; (e) Defendants made the same claim against other competing past strainers in an effort to unfairly gain market share, and not as a *bona fide* claim of infringement; and (f) Defendants have a history of making frivolous patent infringement claims for the same reasons.

41. This conduct implicates multiple factors listed in Wyo. Stat. Ann. § 40-1-202, making it a bad-faith assertion of patent infringement in violation of the statute.

42. Plaintiff is entitled to actual damages in excess of $25,000, as provided by Wyo. Stat. § 40-1-203(ii).

43. Plaintiff is entitled to the maximum exemplary damages of $50,000, as provided by Wyo. Stat. Ann. § 40-1-203(iii).

44. Plaintiff is entitled to cost and fees, including its attorney fees, according to Wyo. Stat. § 40-1-203(iv).

45. Because Defendants have repeated their bad-faith assertions of patent infringement, and because that is the product of their internal business model and policy of pressing patent infringement claims without regard to their merit, The Silicone Kitchen is entitled to a preliminary and permanent injunction prohibiting Defendants from communicating to Amazon any allegation of patent infringement, as part of the equitable relief to which The Silicone Kitchen is entitled to under Wyo. Stat. Ann. §40-1-203(i).

## COUNT II
## TORTIOUS INFERENCE WITH BUSINESS EXPECTANCY

46. The preceding paragraphs are incorporated and re-alleged by reference.

47. Defendants knew of this business and contractual relationship when they decided

to attack this listing, and they intentionally and wrongfully interfered with this relationship when they sent a false takedown notice asserting infringement of a patent that they knew or should have known was not infringed and further, when they asserted patent rights that did not even belong to them.

48. By engaging in the conduct described in this Complaint, Defendants wrongfully interfered with that contractual relationship and business expectancy, causing damages to The Silicone Kitchen both by causing Amazon to remove the listing and further, by intentionally causing the Amazon listing to fall substantially in rank even once it was relisted after protest to Amazon from Silicone Kitchen.

49. Defendants engaged in this conduct either maliciously or with reckless disregard for the rights of The Silicone Kitchen, in that they knew or should have known that no patent infringement had occurred and especially given the fact that they asserted rights in a patent that did not belong to them.

50. As a result, The Silicone Kitchen is entitled to actual and punitive damages in excess of $75,000.

## COUNT III
## DEFAMATION PER SE

51. The preceding paragraphs are incorporated and realleged by reference.

52. When Defendants submitted to Amazon the bad-faith, false allegation of patent infringement, it communicated to a third-party a defamatory statement attacking Silicone Kitchen's business, trade, professionalism, and reputation.

53. Defendants made this defamatory communication intentionally in an effort to otherwise injure the reputation of Silicone Kitchen's business or to tarnish or dimmish the respect or goodwill of the business.

54. As a result of the defamatory communication, Silicone Kitchen's reputation was damaged.

55. Defendants acted maliciously or with reckless disregard to the rights of The Silicone Kitchen when Defendants made these defamatory statements, entitling The Silicone Kitchen to punitive damages.

56. The Silicone Kitchen is entitled to both actual and punitive damages in excess of $75,000.

## PRAYER FOR RELIEF

Plaintiff Silicone Kitchen demands a jury trial in this matter. Further, Silicone Kitchen respectfully requests that this Court:

(1) enter judgment for Plaintiff on all Counts;

(2) award Plaintiff both a preliminary and permanent injunction enjoining Defendants from submitting to Amazon any communications alleging that another has engaged in patent infringement on the Amazon marketplace;

(3) award Plaintiff exemplary damages of $50,000 pursuant to Wyo. Stat. Ann. § 40-1-203;

(4) additionally, award Plaintiff actual damages for the counts recited, and punitive damages, collectively in excess of $75,000, in a final amount to be determined at trial;

(5) award Plaintiff cost and fees, including attorney fees, pursuant to Wyo. Stat. Ann. § 40-1-203; and

(6) provide any other relief that the Court deems just and proper under the circumstances.

## Jury Demand

Plaintiff herby demands a trial by jury of six (6) on all issues so triable.

Respectfully submitted,
BY COUNSEL

/s/ Amy M. Iberlin
Amy M. Iberlin, W.S.B. #7-5322
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY  82602-3902
Telephone:  (307) 265-0700
Facsimile:  (307) 266-2306
E-Mail:  aiberlin@wpdn.net